IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY GLEN STOKES,
        Plaintiff,

vs.                                      1:05cv80/MMP/MD

DR. ALLIS, et al.
        Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

      This case is before the court upon defendants' motion to dismiss the complaint as to Dr. Allis and as to Plaintiff's claims of metal shavings in his jaw (doc. 45) and plaintiff's response thereto. (Doc. 55).  Defendants claim that plaintiff's complaint against Dr. Allis should be dismiss because plaintiff did not exhaust his administrative remedies against this defendant, a fact that plaintiff concedes.  (Doc. 55 at 1).  The motion to dismiss with respect to this defendant only will be granted.   Defendants' motion to dismiss plaintiff's claim of metal shavings in his jaw requires further discussion.

      Plaintiff was an inmate incarcerated with the Florida Department of Corrections at the time of the events giving rise to this complaint. Named as defendants in this action are three dental professionals: Dr. Gerlecz, a dentist at Washington Correctional Institution, Dr. Shields, DOC Director of Dentistry in Tallahassee, and Dr. Allis, an Oral Surgeon employed by Shands Hospital, who apparently also performs work for the DOC at the Regional Medical Center in Lake Butler.

      While in the custody of the DOC, plaintiff had arthroplastry surgery on March 15, 2001 to correct Temporomandibular Joint Disease (TMJ). (Complaint ¶¶ 2,11).   The

surgery was performed by Dr. Wagoner, who is not a named defendant in this action. Plaintiff had continual post-surgical pain, and ultimately an MRI revealed that metal shavings remained in his jaw. (Complaint ¶¶ 12, 16-18). He was told that nothing further could be done, although he continued to experience pain and was unable to chew properly. (*Id.* at ¶¶ 12, 19).

Plaintiff alleges that by 2005, Dr. Shields knew that a corrective procedure did exist, although it cost $50,000.00. (Complaint ¶ 22). Dr. Shields knew that Dr. Gerlecz, plaintiff's "local" health care provider had not filed any request for corrective surgery, and Dr. Shields did not order any, despite his awareness of the metal shavings and the pain plaintiff was experiencing. (*Id.* at ¶¶ 23 & 24; request for relief ¶¶ 2-6, 12, 16). Plaintiff also alleges that Dr. Gerlecz was deliberately indifferent in denying plaintiff's request for corrective surgery even though he knew about the metal shavings and the degree of pain plaintiff was experiencing. (Complaint, request for relief, at ¶¶ 18-20, 23-26).

Plaintiff's complaint is not that either Dr. Gerlecz or Dr. Shields was responsible for leaving the metal shavings in his jaw, but rather that they were aware of the fact that the shavings were there and that plaintiff was in severe pain, but refused to order corrective surgery or submit the appropriate consultation request forms. Thus, there is no separate "claim" regarding the shavings that needed to have been exhausted, and dismissal of plaintiff's allegations with respect to the metal shavings would be inappropriate, as the existence of the shavings is merely a fact that explains the origin of the pain and disability plaintiff was allegedly experiencing.

Accordingly, it is respectfully RECOMMENDED:

That defendant Dr. Allis' motion to dismiss plaintiff's claim against him be granted due to plaintiff's failure to exhaust his administrative remedies.

That the defendants' motion to dismiss plaintiff's claims of metal shavings in his jaw (doc. 45) be DENIED.

And it is ORDERED:

The submission date on the motion for summary judgment is hereby extended until November 27, 2006.

*Case No: 1:05cv80/MMP/MD*

At Pensacola, Florida, this 30th day of October, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).